**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 2**

Docket No. CH-1221-13-1557-R-1

**Margaret M. Reed,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

January 6, 2015

John R. Folkerth, Jr., Esquire, and Kenneth J. Heisele, Esquire, Dayton,
    Ohio, for the appellant.

Demetrious A. Harris, Esquire, Dayton, Ohio, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1        Upon further consideration, we hereby REOPEN this appeal pursuant to
5 C.F.R. § 1201.118, VACATE our November 25, 2014 Opinion and Order in its
entirety, and SUBSTITUTE the following decision.

¶2        The appellant has filed a petition for review of the initial decision that
dismissed her individual right of action (IRA) appeal for lack of jurisdiction.  For
the reasons discussed below, we DENY the petition for review and AFFIRM the
initial decision.

BACKGROUND

¶3    In this whistleblower appeal, the appellant alleges that the agency took various personnel actions, including a 3-day suspension, against her in retaliation for disclosures that she made concerning violations of its procedures in the handling of her administrative grievance.  The facts, as the appellant alleges them, are as follows.

¶4    The appellant is a Human Resources Specialist (Employee Relations) for the agency.  Initial Appeal File (IAF), Tab 5, Subtab 4A.[1]  On February 13, 2012, the Assistant Chief of Human Resources issued the appellant an admonishment for disrespectful conduct toward her supervisor.  IAF, Tab 4 at 8-10 of 70.  The appellant filed an informal grievance, challenging the factual basis of the admonishment.[2]  *Id*. at 34-40 of 70.  On April 9, 2012, the Assistant Chief denied the grievance.  *Id*. at 41 of 70.

¶5    On April 18, 2012, the appellant filed a formal grievance, again challenging the factual basis for the admonishment.  *Id*. at 42-49 of 70.  On May 14, 2012, the Chief of Human Resources denied the appellant's formal grievance and the appellant requested that a grievance examiner be appointed.  *Id*. at 51 of 70.

¶6    The agency appointed a grievance examiner, and on June 20, 2012, the grievance examiner issued a memorandum to the Chief recommending that the grievance be denied.  *Id*. at 52 of 70.  Citing the examiner's findings and

---

[1] All citations are to the file in *Reed v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-13-1557-W-1.

[2] The appellant filed this grievance under administrative—not negotiated—grievance procedures.  *See* IAF, Tab 4 at 63 of 70.  The appellant is not part of a collective bargaining unit because the nature of her position excludes coverage.  IAF, Tab 5, Subtab 2.

recommendations, the Chief again informed the appellant that her grievance was denied.[3] *Id*. at 53 of 70.

¶7        On June 22, 2012, the appellant emailed the Medical Center Director and informed him of what she believed to be a "futile grievance process."  *Id*. at 54 of 70.  She stated that the allegations underlying the admonishment were untrue and that the agency should have conducted further fact finding.  *Id*. The appellant requested to meet with the Director to discuss the matter.  *Id*.  The Chief and the Assistant Chief then threatened to discipline her if she went through with the meeting.

¶8        On July 26, 2012, the appellant sent an email to the Director and the Chief, again complaining of the grievance process.[4]  *Id*. at 56 of 70.  She stated that management ignored the factual disputes that she raised and failed to make any additional factual inquiries as required by agency policy.  *Id*.  She stated that the agency thereby violated her due process rights.  *Id*.  She met with the Director on August 29, 2012, *id*. at 4, 58 of 70, and told the Director that the admonishment itself was an unwarranted personnel action taken without due process, *id*. at 4 of 70.  She also told the Director that, in retaliation for her filing the grievance, the Chief and the Assistant Chief failed to follow the administrative grievance procedures by denying her the opportunity for an oral response and failing to conduct any fact finding, thus denying her due process in the context of her grievance.  *Id*.

---

[3] The Chief's second grievance decision was dated June 28, 2012, but the appellant was aware of the grievance examiner's findings and recommendations on June 20, 2012, the date they were issued.  IAF, Tab 4 at 53-54 of 70.

[4] Two other individuals were copied on the email.  IAF, Tab 4 at 56 of 70.  The record does not indicate the positions of these individuals, and the appellant does not allege that they had any role in any personnel actions against her.

¶9    On October 4, 2012, the Chief proposed to suspend the appellant for 3 days based on complaints from three different agency officials who had sought the appellant's advice on various personnel matters. IAF, Tab 5, Subtab 4C. These complaints were lodged on August 15, 2012, August 24, 2012, and October 1, 2012, respectively, and related that the appellant was unhelpful and rude. *Id*., Subtabs 4C-4F. After the appellant responded, IAF, Tab 4 at 9-13 of 17, on October 26, 2012, the Chief issued a decision effecting the 3-day suspension, IAF, Tab 5, Subtab 4B. In issuing this discipline, the Chief considered, among other things, the appellant's January 12, 2012 admonishment, which could have been removed from her file 6 months after its issuance, but which the Assistant Chief elected not to remove. IAF, Tab 4 at 9 of 70, 15 of 33, Tab 5, Subtab 4B at 1, Subtab 4C at 3.

¶10    The appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the 3-day suspension was in reprisal for her disclosures to the Director. IAF, Tab 4 at 8-24 of 33. After OSC closed the appellant's file without taking corrective action, she filed the instant IRA appeal and requested a hearing. IAF, Tab 1 at 6, Tab 4 at 31-32 of 33. The parties submitted evidence and argument on the jurisdictional issue, and the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.[5] IAF, Tab 16, Initial Decision (ID). She found that the appellant failed to make a nonfrivolous allegation that she made a protected disclosure and that her grievance itself was not protected activity covered under the Whistleblower Protection Enhancement Act (WPEA). ID at 6-10.

---

[5] The initial decision states that corrective action was denied, thus suggesting that the disposition was on the merits. IAF, Tab 16, Initial Decision at 2, 10. However, the substance of the decision makes clear that the administrative judge actually dismissed the appeal for lack of jurisdiction.

¶11    The appellant has filed a petition for review, arguing that the administrative judge erred in finding that her disclosures were not protected. According to the appellant, they evidenced numerous abuses of authority and violations of law and agency policy concerning the grievance process and the underlying admonishment itself. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition for review, PFR File, Tab 3, and the appellant has filed a reply to the agency's response, PFR File, Tab 4.

## ANALYSIS

¶12    Generally, to establish jurisdiction over an IRA appeal regarding activity protected under 5 U.S.C. § 2302(b)(8), an appellant must prove that she exhausted her administrative remedies before OSC and make nonfrivolous allegations that (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002).

This appeal involves four personnel actions.

¶13    We find that the appellant identified alleged "personnel actions" that do not fall within the protection of the WPEA. These include the denial of several procedural protections during the grievance process and various actions and procedures leading up to the 3-day suspension. IAF, Tab 4 at 5-6 of 70. As to the alleged denials of procedural protections during the grievance process, the appellant asserted that these were in retaliation for her filing the grievance. *Id*. at 5 of 70. We do not reach the issue of whether these allegations amount to personnel actions because, as the administrative judge correctly found, the filing

of a grievance, which does not itself seek to remedy whistleblower reprisal, is not a protected disclosure under the WPEA.[6] ID at 9-10; *see Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013) (citing 5 U.S.C. § 2302(b)(9)(A)(i)); *see also* 5 U.S.C. §§ 1221, 1214 (containing the codified version of the statute at large cited in the *Mudd* decision as section 101(b)(1)(A) of the WPEA). Concerning the several matters surrounding the appellant's 3-day suspension, we find that the actions that she identifies related to the Chief's handling and consideration of her response do not amount to "personnel actions" under 5 U.S.C. § 2302(a)(2)(A). IAF, Tab 4 at 6 of 70.

¶14 Nevertheless, we find that the appellant identified four alleged personnel actions over which the Board might have jurisdiction in the context of this appeal: (1) the proposed 3-day suspension, (2) the decision to sustain the 3-day suspension, (3) the refusal to remove the admonishment from the appellant's personnel file, and (4) the threats to discipline the appellant for meeting with the Director. Specifically, the proposed 3-day suspension and the 3-day suspension itself constituted a threatened and an imposed disciplinary action, respectively. *See* 5 U.S.C. § 2302(a)(2)(iii), (b)(8). We also find that the Assistant Chief's alleged refusal to remove the admonishment from the appellant's Official Personnel File constituted a failure to take a personnel action under these circumstances. The admonishment itself was a personnel action, *see Cochran v. Department of Veterans Affairs*, 67 M.S.P.R. 167, 174 (1995), and the letter of admonishment indicated that it would remain in the appellant's Official Personnel File for 6 months or up to 2 years, depending on her future behavior and attitude, IAF, Tab 4 at 9 of 70. The Assistant Chief's decision to retain the admonishment in the appellant's file beyond 6 months could have, and did in fact have, an

---

[6] We have reviewed both the formal and the informal grievances, and we find that they do not contain allegations of whistleblower reprisal. IAF, Tab 4 at 34-40, 42-49 of 70.

adverse consequence in a future disciplinary action—the 3-day suspension.  IAF, Tab 5, Subtab 4B at 1, Subtab 4C at 3; *cf. Johnson v. Department of Health & Human Services*, 93 M.S.P.R. 38, ¶ 16 (2002) (finding that an admonishment was a personnel action, in part, because the agency could rely on it for penalty enhancement in future discipline).  Finally, we find that the appellant has made a nonfrivolous allegation that the Chief and the Assistant Chief threatened her with a personnel action on or about July 26, 2012, by threatening to discipline her for meeting with the Director.[7]  IAF, Tab 4 at 6 of 70, 15 of 33.

The appellant failed to nonfrivolously allege that she made a protected disclosure that was a contributing factor in the decision to take a personnel action.

¶15        On review, the appellant has identified a large number of alleged irregularities in the grievance process.  These include that the Chief was not a proper deciding official for the grievance, PFR File, Tab 1 at 7, 14, 25-26; the grievance examiner was not properly qualified, *id*. at 7, 15-17, 25-28; the appellant was not timely informed of the grievance examiner's appointment, *id*. at 16-17; the agency failed to create a grievance file and an examiner's final report, *id*. at 16-17, 29; the informal grievance did not notify the appellant of her right to file a formal grievance, *id*. at 13; and the Assistant Chief tried to dissuade the appellant from filing a formal grievance, *id*.  These allegations are not properly before the Board because the appellant has not alleged that they were in reprisal for any disclosure.  An IRA appeal is not the appropriate forum to collaterally attack the agency's internal process for resolving discipline; the Board's jurisdiction is limited to adjudicating claims of whistleblower reprisal.  *See McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 27 (2011) (declining to consider the appellant's arguments of constitutional and

[7] We find that the appellant exhausted her administrative remedies regarding these alleged personnel actions.  IAF, Tab 4 at 15, 20-22 of 33.

statutory violations in connection with his termination in the context of an IRA appeal), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012). Moreover, the appellant has raised these arguments for the first time on review without explaining why she did not raise them below. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶16    In response to the administrative judge's jurisdictional order, the appellant identified the following disclosures: (1) the June 22, 2012 email to the Director complaining about the grievance process and requesting an in-person meeting, with a follow-up email of June 25, 2012, containing grievance-related documents, IAF, Tab 4 at 3-4, 54 of 70; (2) a July 24, 2012 email to the Director requesting to meet with him about the grievance process, *id*. at 4, 55 of 70; (3) a July 26, 2012 email to the Director complaining about the grievance process and informing him that the appellant still wished to meet with him, *id*. at 4, 56 of 70; (4) an August 7, 2012 email to the Assistant Chief informing her that the appellant had a meeting scheduled with the Director, *id*. at 4, 58 of 70; (5) the August 29, 2012 meeting with the Director complaining about the admonishment and the grievance process, *id*. at 4 of 70; and (6) the October 9, 2012 complaint to OSC, *id*. at 4 of 70, 8-24 of 33.

¶17    Regarding the June 22, 2012 email to the Director, the appellant contends that her email disclosed that the Assistant Chief and the Chief of Human Resources had repeatedly failed to follow VA Handbook 5021. IAF, Tab 4 at 4 of 70. We find that the appellant made a nonfrivolous allegation that she reasonably believed that her email disclosed information that evidenced a violation of law, rule, or regulation. *See Mudd*, 120 M.S.P.R. 365, ¶¶ 5-8, 9 (holding that the proper test for determining a reasonable belief that disclosures were protected is from the perspective of a disinterested observer in the appellant's position). Accordingly, we find that the appellant has made a

nonfrivolous allegation that her June 22, 2012 email to the Director constituted a protected disclosure. However, she has failed to nonfrivolously allege that this disclosure was a contributing factor in her 3-day suspension because she has not alleged that the Chief or the Assistant Chief, who were responsible for the alleged personnel actions described above, knew about the email or its contents. IAF, Tab 4 at 4, 54 of 70.

¶18    Regarding the July 24, 2012 email, we find that the appellant failed to nonfrivolously allege that this was a protected disclosure because it did not disclose any information. *Id*. at 55 of 70. It was merely a request to meet with the Director. *Id*.

¶19    Regarding the July 26, 2012 email, the appellant alleged that the agency deprived her of due process in the context of her grievance because it failed to address the factual dispute that she raised and failed to conduct a proper factual inquiry. *Id*. We agree with the administrative judge that the appellant has failed to make a nonfrivolous allegation that she reasonably believed that the agency's assessment of the evidence constituted a violation of agency rule, an abuse of authority, or any other type of wrongdoing under 5 U.S.C. § 2302(b)(8)(A). ID at 7-9. Contrary to the appellant's assertions, the formal grievance decisions, one by the Chief and the other by the grievance examiner, both made specific findings that the charges were "fully supported by the evidence." IAF, Tab 4 at 51-53 of 70. The agency's assessment of the evidence is lacking in detail, and the appellant may disagree with its conclusion, but we find that her assertion that the factual dispute was never acknowledged is patently incorrect. PFR File, Tab 1 at 6, 12, 24-25, 27.

¶20    We also agree with the administrative judge that the appellant has failed to identify any rule that would require the agency to conduct any further fact finding investigation beyond the evidence that she and management had already submitted. ID at 7-8. We have reviewed the relevant excerpt of VA Handbook 5021, and we find that it provides for a preliminary inquiry but states that further

investigation "may be warranted" depending on the nature and seriousness of the incident. IAF, Tab 4 at 64 of 70. We therefore cannot agree with the appellant that the agency somehow violated this portion of VA Handbook 5021. PFR File, Tab 1 at 5-6, 10-11, 14. For these reasons, we agree with the administrative judge that the appellant failed to make a nonfrivolous allegation that she reasonably believed that this disclosure evidenced an abuse of discretion or a violation of law, rule, or regulation. ID at 7-9.

¶21    In any event, we also find that the appellant failed to nonfrivolously allege that the July 26, 2012 email was a contributing factor in any personnel actions taken against her.[8] The Chief was one of the recipients of this disclosure. IAF, Tab 4 at 56 of 70. Therefore, he was undoubtedly aware of it. The appellant, however, has not alleged that the Assistant Chief was aware of this disclosure. Thus, the appellant has failed to meet her jurisdictional burden regarding it.

¶22    Regarding the August 7, 2012 email to the Assistant Chief, we find that the appellant failed to nonfrivolously allege that this was a protected disclosure because the only information contained in that email is the fact that she had a meeting scheduled with the Director. IAF, Tab 4 at 58 of 70. This email did not disclose wrongdoing of any sort.

¶23    Regarding the August 29, 2013 meeting with the Director, the appellant contends that she disclosed during the meeting agency violations of VA

---

[8] We note that the WPEA instructs that a denial of a request for corrective action on the basis that the agency established its affirmative defense may only be made "after a finding that a protected disclosure was a contributing factor." 5 U.S.C. § 1221(e)(2); *see Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014); *see also Belyakov v. Department of Health & Human Services*, 120 M.S.P.R. 326, ¶ 7 n.3 (2013). Nothing in the WPEA, however, precludes the Board from considering, at the jurisdictional stage, whether the appellant made a nonfrivolous allegation that the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action, even in the absence of a finding that she made a nonfrivolous allegation that the disclosure was protected.

Handbook 5021.  IAF, Tab 4 at 4 of 70.  We find that the appellant made a nonfrivolous allegation that she reasonably believed that these disclosures evidenced a violation of law, rule, or regulation.  *See Mudd*, 120 M.S.P.R. 365, ¶¶ 5-8, 9.  In any event, she has failed to make a nonfrivolous allegation that they were a contributing factor in the personnel actions at issue.  She has not alleged that either the Chief or the Assistant Chief were aware of what transpired during the meeting or of any particular disclosures that the appellant might have made.

¶24      Regarding the appellant's October 9, 2012 complaint to OSC, we find that she made a nonfrivolous allegation that her complaint was protected by 5 U.S.C. § 2302(b)(8)(B)(i).  Prior to the enactment of the WPEA, that section stated, in pertinent part, that it is a prohibited personnel practice to take or fail to take, or threaten to take or fail to take, a personnel action concerning any employee "because of . . . any disclosure to the Special Counsel" of information that the employee reasonably believes evidences "a violation of any law, rule, or regulation."[9]  5 U.S.C. § 2302(b)(8)(B)(i) (2011); *Colbert*, 121 M.S.P.R. 677, ¶ 8.  In her complaint to OSC, the appellant disclosed alleged agency violations of VA Handbook 5021.  IAF, Tab 4 at 8-24 of 33.  We find that the appellant has made a nonfrivolous allegation that she reasonably believed that she disclosed a violation of a law, rule, or regulation to OSC.  *See Colbert*, 121 M.S.P.R. 677, ¶ 8.

¶25      The appellant, however, has again failed to make a nonfrivolous allegation that this disclosure was a contributing factor to any of the personnel actions at issue.  The OSC complaint postdates the threatened discipline for meeting with the Director, the failure to remove the admonishment from the appellant's

---

[9] The WPEA went into effect on December 27, 2012, after the appellant's October 9, 2012 complaint to OSC.  *See Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 6 (2014).  The only change that the WPEA made to 5 U.S.C. § 2302(b)(8)(B)(i) is that it struck "a violation" and inserted "any violation (other than a violation of this section)."  *Colbert*, 121 M.S.P.R. 677, ¶ 8 n.3.  We have considered this amendment and find that it does not change the result in this case.  *See id.*

Official Personnel File, and the proposed suspension. IAF, Tab 4 at 8, 15 of 33, Tab 5, Subtab 4C at 1. Therefore, it could not have been a contributing factor in these actions. *See Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 26 (2007). The only personnel action to which this disclosure could possibly have been a contributing factor was the October 26, 2012 suspension decision. IAF, Tab 4B at 1. However, the appellant has not alleged that the Chief was aware of her OSC complaint at the time he rendered his decision; therefore, there is no basis for the Board to conclude that this disclosure was a contributing factor.

<u>The appellant failed to make a nonfrivolous allegation that the agency retaliated against her because it perceived her as a whistleblower.</u>

¶26    Under certain circumstances, an appellant can establish jurisdiction over an IRA appeal without making a nonfrivolous allegation that she made a protected disclosure. Specifically, an individual who is perceived as a whistleblower is still entitled to the whistleblower protections, even if she has not made protected disclosures. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 6 (2011); *Special Counsel v. Department of the Navy*, 46 M.S.P.R. 274, 278-80 (1990). For the following reasons, we find that the appellant has failed to make a nonfrivolous allegation of Board jurisdiction under this theory.

¶27    Although there is no indication that the Chief or the Assistant Chief were aware of any specific disclosures that the appellant might have made during her August 29, 2012 meeting with the Director, the appellant alleged that they were very resistant to the notion that she should have such a meeting, even to the point of threatening to discipline her for it. IAF, Tab 4 at 15 of 33. She also claimed that, after the meeting, she was treated poorly, *id.* at 15-16 of 33, and the agency initiated discipline against her for which she was denied official time to respond, *id.* at 22-23 of 33; PFR File, Tab 1 at 20. Absent from the appellant's allegations, however, is any indication that the opposition to her meeting with the Director was due to the Chief's and Assistant Chief's perception that she was going to make protected disclosures during that meeting or if it was due to some

other reason.  *See King*, 116 M.S.P.R. 689, ¶ 8 (in cases involving perceived whistleblowing, the Board will focus its analysis on the agency's perceptions, i.e., whether the agency officials involved in the personnel actions at issue believed that the appellant made or intended to make disclosures that evidenced the type of wrongdoing listed under 5 U.S.C. § 2302(b)(8)).  Regarding the actions taken after the meeting, the appellant alleged that "[n]egative comments were made about the disclosure by [the Assistant Chief]," and she was "advise[d] that [she] would be disciplined for failing to follow the chain of command."  IAF, Tab 4 at 22 of 33.  Once again, however, the appellant did not allege that the perception of her as a whistleblower, rather than her failure to follow the chain of command, was the reason for these comments or for the threatened discipline.  *See King*, 116 M.S.P.R. 689, ¶ 8.  The appellant's assertion that the Assistant Chief made unspecified "negative comments" about her meeting with the Director is insufficient to remedy this defect.  *See McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶ 7 (2008) (conclusory, vague, or unsupported allegations are insufficient to qualify as nonfrivolous allegations of IRA jurisdiction).  For these reasons, we find that the appellant has not made a nonfrivolous allegation that the agency perceived her as a whistleblower, despite her having received explicit notice on this jurisdictional issue.  IAF, Tab 3 at 5-6.

## ORDER

¶28      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their

respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.